IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK HUGHES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 13-264-GPM |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case comes before the Court on a motion to dismiss filed by Defendant, United States of America (Doc. 9). Plaintiff, Mark Hughes, filed a response in opposition to the motion to dismiss (Doc. 10). The Court has reviewed the papers. For the following reasons, the Government's motion (Doc. 9) is **GRANTED**.

This is a personal injury action filed pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 (Doc. 2). This lawsuit was first filed as a different lawsuit in an original action here in the United States District Court for the Southern District of Illinois on October 5, 2011. *See Mark Hughes v. United States of America*, Case No. 11-cv-800-WDS-DGW (S.D.Ill. 2011); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) ("We recently held that the district court may also take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment.") (internal quotations omitted). In that first lawsuit, after nearly a year of inaction, summons was finally issued to the Government and the Government subsequently filed a motion to dismiss. *Mark Hughes v. United States of America*, Case No.

11-cv-800-WDS-DGW (S.D.Ill. 2011). The Government's motion to dismiss was filed pursuant to Federal Rule of Civil Procedure 4(m). *Id.* at (Doc. 9). Plaintiff never filed a response to the Government's motion to dismiss. Accordingly, the Senior District Judge William Stiehl granted the Government's motion and dismissed the case. *Id.* at (Doc. 18).

In the instant case, the Government now advances two theories why *this* case should be dismissed with prejudice. First, the Government contends that the dismissal in the prior lawsuit by Judge Stiehl was an involuntary dismissal pursuant to Federal Rule of Procedure 41. Under Rule 41 a dismissal for failure to prosecute operates as an adjudication on the merits. *See* FED R. CIV. P. 41(b). Second, the Government asserts that this action is time-barred.

The Government's first argument is a non-starter. In the first lawsuit, the Government's motion to dismiss was made pursuant to Federal Rule 4 and does not even mention Rule 41 or Plaintiff's failure to prosecute. *Mark Hughes v. United States of America*, Case No. 11-cv-800-WDS-DGW (S.D.Ill. 2011) at (Doc. 9). Judge Stiehl granted the Government's motion, devoting his analysis *only* to Rule 4(m). *Id.* at (Doc. 18). Nowhere in the Court's Order is there a mention of Rule 41 or that the Order operates as an adjudication on the merits. *Id.* A dismissal pursuant to Rule 4(m) is *without* prejudice. FED R. CIV. P. 4(m). Therefore, it is manifestly clear that the dismissal in the prior lawsuit was done pursuant to Rule 4(m) and was a dismissal without prejudice.

The second argument set forth by the Government does have teeth. The Government contends that more than six months has elapsed from when Plaintiff filed his administrative claim until the commencement of the instant lawsuit. Plaintiff asks this Court to apply the doctrine of equitable tolling and find the six month statute of limitations tolled during the pendency of the first

lawsuit.

"A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401. In this case, Plaintiff received notice of the final denial of his claim on December 8, 2011 (Doc. 9-1). The present case was commenced on March 19, 2013, which is well past the six month time line (Doc. 2).

This is not a case where equitable tolling is appropriate because "[e]quitable tolling cannot be premised on the incompetence of the plaintiff's lawyer." *Arteaga v. United States*, 711 F.3d 828, 835 (7th Cir. 2013). A simple review of the docket in the first case reveals nothing but dilatory behavior on the part of Plaintiff.[1] That case was opened on September 1, 2011, but a month passed before Plaintiff even filed the complaint. *See Mark Hughes v. United States of America*, Case No. 11-cv-800-WDS-DGW (S.D.Ill. 2011). Then, nearly a year passed before summons was issued to the Government. *Id.* at (Doc. 7). The Government filed its motion to dismiss on September 21, 2012 and Plaintiff's response was due on or before October 25, 2012. *Id.* at (Doc. 9). It was *no*t the case that Plaintiff failed to *timely* respond. Rather, Plaintiff *never* filed a response to the motion. When the Court did grant the Government's motion to dismiss (five months later) there was *still* no response on file from the Plaintiff.

Equitable tolling is a remedy for concealment or other misconduct by the *defendant*. *Crawford v. United States*, 796 F.2d 924, 926 (7th Cir. 1986). This equitable remedy has also been extended "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his

---

[1] Plaintiff is represented by counsel in this case and counsel in this case is the same attorney that represented Plaintiff in the first lawsuit – 11-cv-800-WDS. When the Court refers Plaintiff and his dilatory behavior in the ensuing Order, the Court is referring to the behavior of Plaintiff's counsel, not Plaintiff personally.

adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 458, 112 L. Ed. 2d 435 (1990). But in the end, this is not a common remedy and used only sparingly. *Id*.

Plaintiff argues that this is a case where he actively pursued his judicial remedies and thus a case contemplated by *Irwin*. This argument is misplaced – *Irwin's* language contemplated an active pursuit of a case, but a defective pleading. Here, Plaintiff's first lawsuit was dismissed because of Plaintiff's *inactive* pursuit of his case. Such dilatory conduct coupled with a massive blunder in not responding to a motion to dismiss resulted in the dismissal of his lawsuit. Plaintiff speaks of a phantom exhibit that shows he prepared a response in the underlying lawsuit. This exhibit is not attached to Plaintiff's response in opposition to the Government's motion to dismiss and can be found nowhere on this Court's docket. Another blunder.

In sum, equitable tolling does not fit here and cannot save Plaintiff. The first lawsuit was *not* dismissed with prejudice, but rather dismissed pursuant to Federal Rule 4(m), *without* prejudice. However, more than six months has elapsed from when Plaintiff filed his administrative claim until the commencement of this lawsuit. Therefore, this case is time-barred. The Government's motion to dismiss (Doc. 9) is **GRANTED**. This case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED**: September 19, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge